HEARD NOVEMBER TERM, 1874.

## WILLIS *vs.* KNOX.

In an action for maliciously, and without probable cause, charging plaintiff, by affidavit before a Trial Justice, with larceny, procuring a search warrant to be issued, and causing plaintiffs' room to be searched thereunder, express malice and actual damage must be proved.

The Supreme Court will not dismiss a complaint for error in denying a motion for non-suit made on the ground of the insufficiency of plaintiffs' evidence to support the issues in the case, but will order a new trial.

BEFORE GRAHAM, J., AT CHARLESTON, FEBRUARY TERM, 1874.

This was an action by George Willis, and Caroline, his wife, against Alexander K. Knox.

The complaint alleged:

1. That on the 11th day of September, 1871, whilst residing in the Parish of Christ Church, in the County of Charleston, the defendant, maliciously intending to injure the plaintiffs in their good reputation, appeared before Trial Justice George F. Kinloch, one of the Justices for Charleston County, exercising his jurisdiction in the Parish of Christ Church, and, without any probable cause whatever, charged Caroline, the wife of the complainant, before the said Trial Justice, with having feloniously stolen twenty-five cotton sheets, the property of said defendant and one ———— Wheelock, his copartner, and with having the said stolen articles concealed in the house where said complainants dwelt. That he, the said Alexander K. Knox, maliciously, and without probable cause, procured said Justice to grant a warrant to search the house of complainants.

2. That said Justice issued said warrant accordingly, and the house of complainants was searched, by one R. C. Jervey, said to be the Bailiff of said Justice, assisted in this rude service by the said Alexander K. Knox, the defendant.

3. That after said diligent search had been fully made, and none of the said goods searched for found, the said Alexander K. Knox, the defendant, signified to the said R. C. Jervey, the Bailiff, that he was satisfied, and since said time the defendant has not further prosecuted his said complaint, but he has abandoned the same, and in no wise made reparation for the wrong and injury done complainants.

4. That, by means of the premises, the plaintiffs have been injured in their persons, to their damage, five thousand dollars, &c.

The answer denied the charges of maliciouly, and without probable cause, procuring the search warrant to be issued, and of maliciously intending to injure the plaintiffs in their reputation.

At the trial the plaintiffs proved an affidavit, made by defendant before a Trial Justice, and dated September 11, 1871, as follows:

" Alexander K. Knox, one of the firm of Knox and Wheelock, being duly sworn, doth depose and say: That on or about the first day of August, 1871, at their plantation in Christ Church Parish, in the said County, was stolen and embezzled from the said firm of Knox and Wheelock, (of which firm he is a full partner, and now the only representative of the said firm,) some twenty-five cotton sheets, and other articles not now known, but which will be easily recognized by this deponent when seen, the personal property of Knox and Wheelock; and this deponent suspects that the said property has been stolen or embezzled by Caroline Willis; and that the same, or part thereof, is now concealed in her house on the said plantation, in Christ Church Parish, in the said County; wherefore process is applied for to search the same articles above mentioned.'

And also a search warrant issued by the Trial Justice, and bearing the same date, directing the Constable to search the place where the property is suspected to be concealed.

They also introduced evidence to the effect that, in August and September, 1871, the plaintiffs were in the employment of the defendant, on his plantation in Christ Church Parish; that they occupied a room in his dwelling house; that he owned a large number of cotton sheets, which were kept in a house called "the cotton house;" that there were two keys to this house, one of which the plaintiffs kept; and that, for several days in August, they had used the cotton house as a sleeping apartment; that one Sam. Rainey was employed on the place, and that he, also, had access to the cotton house; that a short time before the warrant was issued the plaintiff, Caroline, delivered three of the sheets to a clerk of the defendant—afterwards stating that they had been stolen by Rainey; that the sheets in the cotton house were then counted, and it was found that some twenty-five were missing; that the defendants suspected they had been stolen by the plaintiff, Caroline; that the plaintiffs then made preparations to leave the place, and, on the morning that they

left, one Jervey, a Constable, in whose hands the search warrant had been placed, searched the room occupied by the plaintiffs, and their bedding, trunks, &c., the defendant assisting him ; that none of the sheets were found ; that the defendant then said he was satisfied, and that the matter was prosecuted no further.

At the close of plaintiffs' case the defendant moved for a non-suit, on the ground that plaintiffs had not proved want of probable cause. The motion was denied, and defendants excepted.

The case was submitted to the jury, who found for the plaintiffs $2,500.

The defendant appealed.

*Corbin & Stone*, for appellants.

*Brown*, contra.

Feb. 5, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The issue in this action must be disposed of under the rule governing the former action of case in the nature of malicious prosecution. In actions of that class it was necessary to prove express malice and actual damage.—*Frierson* vs. *Hewitt*, 2 Hill, 499. In this respect they differed from the technical action of malicious prosecution, in which the plaintiff was bound merely to prove want of probable cause, and the law presumed both malice and damages from such fact of want of probable cause.—*Frierson* vs. *Hewitt*.

The plaintiffs should have been non-suited. The evidence not only does not tend to show malice, but goes far to show that the defendant had probable ground for suspecting the existence of the facts that constituted the substance of the charge on which the search warrant issued.

As the ground of non-suit was the insufficiency of the evidence adduced to support the issues made by the pleadings, this Court will not dismiss the complaint, but order a new trial.— *Wyatt* vs. *Manufacturing Co., ante.*

*Wright*, A. J., concurred.

MOSES, C. J. I concur in the order of the Court. In my judgment, however, the motion for a non-suit should have prevailed. This is admitted in the opinion, which declares that the plaintiffs

should have been non-suited. If the testimony was not sufficient to go to the jury, in my view of the case, the appellant had a right to claim a non-suit.